22-0593-cv
Talarico v. Port Auth.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-three.

PRESENT:  BARRINGTON D. PARKER,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

------------------------------------------------------------------

CHARLENE TALARICO, individually and on
behalf of a class of all others similarly situated,

        *Plaintiff-Appellant*,

        v.                                No. 22-0593-cv

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

        *Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: RICHARD SOTO (Laine Armstrong, *on the brief*), Advocates for Justice, Chartered Attorneys, New York, NY

FOR DEFENDANT-APPELLEE: DAVID KROMM, Office of the General Counsel, The Port Authority of New York and New Jersey, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Charlene Talarico appeals from a February 23, 2022 judgment of the United States District Court for the Southern District of New York (Oetken, J.) granting the Port Authority of New York and New Jersey's motion for summary judgment as to Talarico's claims, under 42 U.S.C. § 1983, of covert video surveillance in violation of the Fourth and Fourteenth Amendments. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Talarico, a Port Authority employee, received medical treatment for her

hand at the Port Authority's Office of Medical Services ("OMS") following an altercation with her supervisor. Unbeknownst to Talarico and Dr. Pascale Kerlegrand, the OMS physician who examined her, a security camera captured in video (but not audio) a portion of Talarico's OMS visit. Talarico and Dr. Kerlegrand learned of the video months later, in the course of a criminal proceeding in connection with the altercation.

The recorded portion of the examination took place in a room that Dr. Kerlegrand described during her deposition as OMS's "emergency room." App'x 268, 271-73, 275. Because the room doubled as a nurse supervisor's office, nurses constantly walked "in and out." App'x at 73. Although a curtain would have blocked the camera's view of the area if it had been drawn, it was left open during Talarico's examination. According to the Port Authority, the camera was installed in order to prevent the theft of prescription drugs from a medicine cabinet in the room. Talarico has not contested that explanation, other than to point out that the medicine cabinet no longer stored prescription drugs by the time of Talarico's examination. See App'x at 116-17.

Talarico claims that the Port Authority is subject to municipal liability

under § 1983 for violations of the Fourth and Fourteenth Amendments.[1]  The

District Court granted the Port Authority's motion for summary judgment,

concluding that Talarico did not have a reasonable expectation of privacy in the

OMS room, and that in any event Talarico failed to demonstrate that the Port

Authority was liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

We review the District Court's grant of summary judgment de novo.  Rentas v.

Ruffin, 816 F.3d 214, 220 (2d Cir. 2016).

Assuming without deciding that the Port Authority violated Talarico's

rights under the Fourth and Fourteenth Amendments, we agree with the District

Court that, on this record, the Port Authority is not liable under Monell as a

matter of law.  "Local governing bodies . . . can be sued directly under § 1983 for

monetary, declaratory, or injunctive relief where . . . the action that is alleged to

be unconstitutional implements or executes a policy statement, ordinance,

regulation, or decision officially adopted and promulgated by that body's

officers."  Monell, 436 U.S. at 690; see Raysor v. Port Auth. of N.Y. & N.J., 768

F.2d 34, 38 (2d Cir. 1985) (applying Monell rule to the Port Authority).  On

appeal, Talarico concedes that the event at issue did not stem from a written

---

[1] Talarico does not contest the District Court's February 12, 2019 dismissal of her claims brought under the New York State Constitution.

4

policy or procedure and argues instead that it reflected a widespread practice of the Port Authority. Appellant's Br. 12-14.

But Talarico failed to adduce any admissible evidence that senior or "subordinate municipal employee[s]" of the Port Authority engaged in a "persistent and widespread practice" of recording medical examinations in the OMS room, Lucente v. County of Suffolk, 980 F.3d 284, 297 (2d Cir. 2020) (quotation marks omitted), or that a policymaking official "fail[ed] to investigate or rectify the situation" after "notice of a potentially serious problem of unconstitutional conduct," Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 128 (2d Cir. 2004). Talarico's recitation of the Port Authority's "process for requesting and obtaining video and footage for any [Port Authority] facility," Appellant's Br. 14, is inapposite here, where the alleged constitutional violation stemmed from the video recording of a specific interaction in specific circumstances within a specific room. In these circumstances, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell." Mitchell v. City of New York, 841 F.3d 72, 80 (2d Cir. 2016) (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality)). Talarico conceded in the District Court that the video recording of her medical

examination "probably was a one-off" event, Dist. Ct. Dkt. No. 86 at 3, and failed to identify even a single other comparable event.

Because Talarico has failed to raise a genuine dispute of material fact regarding whether the alleged violation of her constitutional rights was pursuant to a municipal policy or custom, we affirm the District Court's grant of summary judgment in favor of the Port Authority.  See Hartline v. Gallo, 546 F.3d 95, 99-100 (2d Cir. 2008).

We have considered Talarico's remaining arguments and conclude that they are without merit.  The judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6